UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEEPER OF THE WORD
FOUNDATION, *et al.*,

        Case No. 17-cv-11664

      Appellants,        Hon. Matthew F. Leitman

v.

KENNETH A. NATHAN,

      Appellee.

_____/

### ORDER AFFIRMING BANKRUPTCY COURT'S MAY 9, 2017, ORDER GRANTING APPELLEE KENNETH NATHAN'S MOTION FOR AN ORDER ENJOINING APPELLANTS FROM FILING LAWSUITS WITHOUT FURTHER ORDER OF THE COURT

This appeal arises out the Chapter 7 bankruptcy of Debtor Gregory Reed. On March 13, 2017, Appellee Kenneth Nathan, the Bankruptcy Trustee for Reed's estate, moved the Bankruptcy Court to enjoin Appellants Gregory Reed, Keeper of the Word Foundation ("KWF"), Mic-Arian Corporation, and the Gregory J. Reed Scholarship Foundation from filing certain legal actions without prior permission of the court.[1] The Bankruptcy Court granted Nathan's motion and entered an order so enjoining Appellants on May 9, 2017 (the "Order to Enjoin"). For the reasons explained below, the Order to Enjoin is **AFFIRMED**.

_____

[1] Nathan also asked the Court to extend the injunction to any entity in which Reed was a member or shareholder. But according to Reed's bankruptcy schedules, he is not a member or shareholder of any entity other than those identified above.

# I

Debtor Gregory Reed filed for bankruptcy under Chapter 7 of the Bankruptcy Code on August 28, 2014. On December 17, 2015, the Bankruptcy Court entered an order in which it held, among other things, that (1) certain assets in KWF's possession were property of Reed's bankruptcy estate and (2) KWF needed to turnover the assets to Nathan (the "Turnover Order"). Those assets included a 50-percent interest in real property located at 1201-1209 Bagley in Detroit, Michigan (the "Bagley Property"). KWF appealed the Turnover Order to this Court, and this Court affirmed. *See Reed v. Nathan*, 558 B.R. 800 (E.D. Mich. 2016), *aff'd,* No. 16-2685 (6th Cir. Sept, 7, 2017).

In August 2016, the Bankruptcy Court authorized Nathan to employ Dwellings Unlimited, LLC as a real estate broker to market and sell the Bagley Property. Nathan and the co-owner of the Bagley Property, the Charles H. Brown Trust, eventually agreed to sell the property to Byzantine Holdings, LLC for $1,060,000, and the Bankruptcy Court entered an order authorizing the sale.

Neither Reed nor any of the other Appellants appealed the Bankruptcy Court's order authorizing the sale of the Bagley Property. Instead, Appellants filed a series of lawsuits in state court in an effort to stop the sale and collaterally attack the Bankruptcy Court's orders. As described by the Bankruptcy Court, Appellants filed the following three actions in the Wayne County Circuit Court:

- On November 16, 2016, KWF filed an action against Nathan, David Findling (special counsel for Nathan), Byzantine Holdings, Dwellings Unlimited, and Reed's estate in which KWF sought to void the Turnover Order and stop the sale of the Bagley Property;

- On December 27, 2016, KWF, Mic-Arian Corporation, and the Gregory J Reed Scholarship Foundation filed an action against the Charles H. Brown Trust, the Brown Companies, Byzantine Holdings and Dwellings Unlimited in which they sought to partition the Bagley Property and stop the sale of that property; and

- On January 6, 2017, Reed filed an action against Findling for breach of fiduciary duty, conflict of interest, breach of confidentiality, extortion, abuse of process, misrepresentation, and malicious prosecution related to Finding's role as special counsel and Findling's actions administering assets of Reed's bankruptcy estate.

Each of these actions were removed to the Bankruptcy Court, and that court ultimately dismissed them. Appellants never appealed any of those dismissals.[2]

On March 17, 2017, Nathan moved the Bankruptcy Court to enjoin Appellants from filing certain lawsuits without prior permission of that court. Nathan argued

---

[2]Appellants have appealed the entry of sanctions against them by the Bankruptcy Court, but they have not appealed the Bankruptcy Court's decision to dismiss the removed actions.

that the requested injunction was warranted based upon Appellants' vexatious

litigation conduct.  The Bankruptcy Court granted Nathan's motion and entered the

Order to Enjoin on May 9, 2017.  The Order to Enjoin provides in relevant part that:

> IT IS HEREBY ORDERED that the Trustee's Motion is granted to the extent it seeks to enjoin Debtor Gregory Reed, KWF, Mic-Arian Corporation, the Gregory J. Reed Scholarship Foundation, and any entity of which Debtor is a member or shareholder, from commencing litigation in any forum, subject to the additional conditions set forth in the following paragraph.
>
> IT IS FURTHER HEREBY ORDERED that Debtor Gregory Reed, KWF, Mic-Arian Corporation, the Gregory J. Reed Scholarship Foundation, and any entity of which Debtor is a member or shareholder, their heirs, assignees, officers, agents, servants, employees, or attorneys or anyone in active concert or participation with them, who receives actual notice of this Order shall not file any lawsuit against:
>
>> (a). Kenneth A. Nathan, Chapter 7 Trustee, or any agent or employee of Kenneth A. Nathan, Chapter 7 Trustee;
>>
>> (b) The Findling Law Firm, PLC, Special Counsel to the Trustee or any lawyer, agent or employee of The Findling Law Firm, PLC;
>>
>> (c) Byzantine Holdings, LLC, the purchaser of the Bagley Property, or any agent or employee of Byzantine Holdings, LLC;
>>
>> (d) Dwellings Unlimited, LLC, the Trustee's Realtor, or any agent or employee of Dwellings Unlimited, LLC;

(e) Charles H. Brown Trust, Charles Brown, or the Brown Companies, or any agent or employee of the Charles H. Brown Trust, Charles Brown, or the Brown Companies;

(f) First American Title Company, or any agent or employee of First American Title Company;

without first obtaining an order from this Court granting him/them leave to do so. The Order for Leave shall be obtained following a hearing in this Court with notice to all parties. At the hearing the Court will determine if the proposed litigation is vexatious or frivolous.

*In Re: Reed* (E.D. Mich. Bankr. Case. No. 14-53838) at Dkt. #776.

Appellants timely appealed the Order to Enjoin to this Court. (*See* ECF #1.)

## II

Appellants insist that the Order to Enjoin deprives them of their constitutional right of access to the courts. The Court disagrees.

The Bankruptcy Court offered a thorough and well-supported explanation as to why Appellants' state-court suits were frivolous and/or were improper collateral attacks on the orders of that court and as to why the Order to Enjoin was necessary. Appellants have not persuaded the Court that the Bankruptcy Court's analysis was in any way flawed. The Court adopts that thoughtful analysis as its own.

Indeed, Appellants' own conduct is consistent with a finding that their state-court suits that led to the entry of the Order to Enjoin were meritless. Appellants never appealed the underlying dismissals of any of the above-described actions, and

5

KWF, Mic-Arian Corporation, and the Gregory J Reed Scholarship Foundation never even filed a response to the motion to dismiss their action filed against the Charles H. Brown Trust, the Brown Companies, Byzantine Holdings and Dwellings Unlimited. Moreover, in other proceedings in both the Bankruptcy Court and this Court, Reed and KWF have taken positions that were not colorable. *See*, *e.g. Reed v. Nathan*, *supra*. Simply put, Appellants have a documented history of vexatious conduct against the parties that are protected by the Order to Enjoin, and that order is a proper remedy to address Appellants' behavior. *See*, *e.g.*, *Callihan v. Kentucky*, 36 Fed. App'x 551, 553 (6th Cir. 2002) (affirming district court order enjoining party from filing litigation and noting that courts "may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation").

Furthermore, the Order to Enjoin is narrowly-tailored. It only restricts Appellants from filing lawsuits, without prior permission, against specific parties that Appellants have previously sued in state court and/or that played a role in the Bankruptcy Court-approved sale of the Bagley Property. *See*, *e.g.*, *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002) ("[I]t is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions"). Thus, the Order to Enjoin applies only to a carefully circumscribed set of parties. It is a measured, limited, appropriate restriction on Appellants' conduct.

## III

For the reasons stated above, **IT IS HEREBY ORDERED** that the
Bankruptcy Court's May 9, 2017, Order to Enjoin is **AFFIRMED**.

<div style="margin-left:40%;">

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

</div>

Dated: February 6, 2018


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 6, 2018, by electronic means and/or ordinary mail.

<div style="margin-left:40%;">

s/Holly A. Monda
Case Manager
(810) 341-9764

</div>