UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEEPER OF THE WORD
FOUNDATION, *et al.*,

    Appellants,

v.

KENNETH A. NATHAN,

    Appellee.

Case No. 17-11664
Hon. Matthew F. Leitman

_____/

## ORDER DENYING APPELLANTS' MOTION FOR RECONSIDERATION (ECF #12)

In a written Order dated February 6, 2018, this Court affirmed a May 9, 2017, order of the Bankruptcy Court enjoining Appellants Gregory Reed, Keeper of the Word Foundation, Mic-Arian Corporation, and the Gregory J. Reed Scholarship Foundation from filing certain legal actions without prior permission of the Bankruptcy Court. (*See* ECF #11.) Appellants have now filed a timely motion for reconsideration of the Court's order. (*See* ECF #12.) For the reasons that follow, the motion is **DENIED**.

On a motion for reconsideration, a movant must demonstrate that the court was misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. *See Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997). The movant must also show that

the defect, if corrected, would result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration is not a vehicle to rehash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *See Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Appellants have failed to meet this standard. None of the arguments raised in the motion for reconsideration persuade the Court that it palpably erred when it affirmed the Bankruptcy Court's order. Nor have Appellants shown that even if such a defect existed, it would have resulted in a different disposition of the case. Accordingly, Appellants have not established that the Court should reconsider its initial ruling.

While the Court concludes that none of Appellants' arguments in the motion for reconsideration have merit, the Court will specifically address one argument Appellants appear to have made. Appellants seem to argue that the Court erred when it affirmed the Bankruptcy Court's order because "[Reed] is not the alter ego of KWF or the Appellants." (Mot. for Reconsideration, ECF #12 at Pg. ID 875.) The Court finds this argument puzzling because its decision affirming the Bankruptcy Court in this appeal did not rest on the conclusion that Reed and the Appellants are alter egos. Indeed, as the Court explained, each of the Appellants filed and were active participants in legal action that the Bankruptcy Court concluded was vexatious. (*See* ECF #11 at Pg. ID 861.) Simply put, Appellants were enjoined as a result of *their*

*own* conduct. And to the extent that Reed and/or the Appellants complain that the Bankruptcy Court's order was overbroad because it "liberally extended … to *any entity* in which Reed was a member or shareholder" (Mot. for Reconsideration, ECF #12 at Pg. ID 868; emphasis in original), Reed acknowledged in his bankruptcy schedules that, aside from Appellants, no such entities exist.  Therefore, even if this defect were corrected, it would not change the scope of the Bankruptcy Court's order. Accordingly, the Bankruptcy Court's order was not overbroad on this (or any other) basis.

For all of these reasons, **IT IS HEREBY ORDERED** that Appellants' Motion for Reconsideration (ECF #12) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: February 21, 2018     UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 21, 2018, by electronic means and/or ordinary mail.

s/Amanda Chubb for Holly A. Monda
Case Manager
(313) 234-2644